D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------x

**IGNATIOUS GOMES, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**JRPAC INC., d/b/a SPICE SYMPHONY RESTAURANT, JUDE RODRIGUES, and PREMENDRA CHOUHAN,**

**Defendants.**

--------------------------------------------------x

**CASE NO. 1:26-CV-5564**

**<u>COMPLAINT</u>**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant JRPAC, INC. ("Spice Symphony") is a New York corporation that owns and operates two Spice Symphony restaurants located in Times Square and Midtown East, NY.

4. Defendant JRPAC, INC. has an annual gross volume of sales in excess of $500,000.

5. Defendant JRPAC, INC. has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Defendant Premendra Chouhan is an active owner of Spice Symphony. He is regularly present at both restaurants and is, together with Defendant Rodrigues, in charge of employee hiring/firing, scheduling and pay. Defendant Chouhan actively manages the Midtown East location. Defendant Chouhan hired Plaintiff and set his schedule and rates of pay.

7. Defendant Jude Rodrigues is an active owner of the restaurants. He is regularly present at both restaurants and is, together with Defendant Chouhan in charge of employee hiring/firing, scheduling and pay. Defendant Rodrigues actively manages the Times Square location and frequently visits the Midtown East Location to discuss management issues with Defendant Chouhan.

8. Plaintiff Ignatious Gomes ("Plaintiff") worked for Defendants as a runner/expediter at their Midtown East location from 2017 to June 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First, Second, and Third Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay and stealing their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First, Second, and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names, addresses, email address, and phone numbers are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, of failing to pay workers for all of the time that they worked, of retaining employees' tips, and of failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the tip pool and tip allocations for Plaintiff and the Class members.

d) Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

e) Whether Defendants properly compensated Plaintiff and Class members for overtime hours.

f) Whether Defendants provided Plaintiff and the Class members with adequate wage notices and wage statements.

g) Whether Defendants diverted or retained a portion of Plaintiff and the Class members' tips, including cash tips and/or service charges.

h) Whether Defendants paid Plaintiff and the Class members New York's

"spread of hours" compensation when their workdays lasted longer than 10 hours.

## **FACTS**

20. Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants knew that nonpayment of minimum wage and overtime compensation and misappropriation of tips, would economically injure Plaintiff, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

23. Plaintiff worked as a runner/expediter for Defendants.

24. Plaintiff regularly worked four (4) double shifts plus an additional 1-3 dinner shifts per week for Defendants.

25. Plaintiff's double shifts lasted from 10:45 a.m. through closing, which was typically after 10:00 p.m., with a 2-hour break from 3:00 p.m. to 5:00 p.m.

26. Plaintiff's dinner shifts started at 5:00 p.m. and lasted past 10:00 p.m.

27. Defendants paid Plaintiff $200 per week, plus tips.

28. This amount was less than the federal and state mandated minimum wages.

29. Defendants did not pay Plaintiff any premium for hours worked in excess of forty (40) hours per workweek.

30. Defendants did not pay Plaintiff New York's spread of hours premium for workdays that lasted longer than ten (10) hours.

31. Defendants illegally retained 4.5% of employee's credit card tips.

32. Defendants did not give Plaintiff New York's Notice and Acknowledgement of Pay Rate and Payday upon hire as required by New York Law.

33. The required form would have included Plaintiff's overtime rate. If Plaintiff had such information, he would have raised with Defendants their failure to pay him overtime compensation.

34. Defendants did not give Plaintiff weekly paystubs containing his actual hours worked each week If Plaintiff had such information, he would have sought redress for his unpaid wages sooner.

35. In addition, Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked is harmed by Defendants' failure to provide wage statements that accurately reflect his hours worked.

36. Defendants knowingly committed the foregoing acts against the Plaintiff, FLSA Collective members, and members of the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

37. Plaintiff realleges and incorporates by reference all previous paragraphs.

38. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

39. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

41. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Himself and the FLSA Collective Plaintiffs**)

42. Plaintiff realleges and incorporates by reference all previous paragraphs.

43. Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

44. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**Brought by Plaintiffs on Behalf of Himself and the FLSA Collective Plaintiffs**)

45. Plaintiff realleges and incorporates by reference all previous paragraphs.

46. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

47. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiff on Behalf of Himself and the Class)**

48. Plaintiff realleges and incorporates by reference all previous paragraphs.

49. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage for every hour worked.

50. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Himself and the Class)**

51. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

54. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b**
**Brought By Plaintiff on Behalf of Himself and the Class)**

55. Plaintiff realleges and incorporates by reference all previous paragraphs.

56. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiff and the Class members.

57. Plaintiff, on behalf of himself and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6**
**Brought by Plaintiff on Behalf of Himself and the Class)**

58. Plaintiff realleges and incorporate by reference all previous paragraphs.

59. Defendants did not pay Plaintiff and the Class members New York's spread of hours premium when their workdays spanned more than 10 hours.

60. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
**(New York Wage Notice and Statement Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class)**

61. Plaintiff realleges and incorporates by reference all previous paragraphs.

62. Defendants did not provide Plaintiff and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

63. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
June 30, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:/s/*D. Maimon Kirschenbaum*__
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.