UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGNATIOUS GOMES, Plaintiff, -v- JRPAC, INC., *et al.*, Defendants. | 26 Civ. 5564 (JPC) <br> ORDER |

JOHN P. CRONAN, United States District Judge:

Plaintiff Ignatious Gomes initiated this case against Defendants JRPAC, Inc., Jude Rodrigues, and Premendra Chouhan by filing a Complaint on June 30, 2026. Dkt. 1. On July 13, 2026, Plaintiff filed an affidavit from a process server who purports to have served JRPAC by delivering a copy of the Summons and Complaint to a "Rohit Fernandez, who stated that he/she is authorized to accept service." Dkt. 7.

New York law provides that a plaintiff may serve a corporation such as JRPAC by "delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a). However, "personal delivery of a summons to the wrong person does not constitute valid personal service." *McDonald v. Ames Supply Co.*, 238 N.E.2d 726, 728 (N.Y. 1968); *see also Macchia v. Russo*, 496 N.E.2d 680, 682 (N.Y. 1986) (declining to recognize "a narrow exception . . . in situations where a process server acts reasonably in the face of misrepresentations regarding the identity or authority of the person served").

Under this standard, Plaintiff has not yet provided sufficient proof that JRPAC has been properly served. According to the affidavit of Plaintiff's process server, the sole basis to believe

that "Rohit Fernandez" was authorized to accept service for JRPAC was Mr. Fernandez's statement "that he/she is authorized to accept service." Dkt. 7. But absent indication that Mr. Fernandez was actually so authorized, this claim of authority is unavailing. *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient."); *see also id.* ("Nor is it always reasonable, under all the circumstances, for the process server to rely on claims of authority made by the defendant's employees.").

Under Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Plaintiff here filed his Complaint on June 30, 2026, so his deadline to serve JRPAC is therefore September 28, 2026. Before that date, Plaintiff should make further attempts to effectuate service upon JRPAC, or else submit further evidence showing why JRPAC has already been properly served.

SO ORDERED.

Dated: July 30, 2026
New York, New York

JOHN P. CRONAN
United States District Judge