Foster Garvey

One Seaport Plaza
199 Water Street
Suite 901
New York, NY 10038

Main: 212.431.8700
Fax: 212.334.1278
foster.com

Direct Phone: 212.965.4526
alan.heller@foster.com

August 19, 2026

**Via ECF**
Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re: *Gomes v. JRPAC Inc. d/b/a Spice Symphony Restaurant (Case No. 1:26-cv-05564(JPC)) -- Letter Motion to Dismiss Complaint against the 317 W. 46th Street location and Jude Rodrigues*

Dear Judge Cronan:

We are counsel to Defendants in the above-referenced matter.

This is a typical wage and hour case in which the Plaintiff asserts individually and on behalf of an alleged similarly situated class a variety of federal and state labor law claims against (i) JRPAC Inc. d/b/a Spice Symphony restaurant, the purported owner (but not actual owner) of two restaurant locations at 317 W. 46th Street, NY, NY (the "Times Square Location") and 182 Lexington Avenue (a/k/a 150 East 50th Street), New York, NY (the "Midtown East Location")[1] and (ii) the alleged co-owners (but not co-owners) of the two Spice Symphony restaurant locations, defendants Jude Rodrigues and Premendra Chouhan. We submit this Pre-Motion Letter pursuant to Rules 1.A. and 6.B. of Your Honor's individual practice rules for permission to file a motion to dismiss the Plaintiff's claims against the Times Square Location (and its sole owner, defendant Jude Rodrigues) because the Plaintiff has not plausibly alleged that the entity owning that location was Plaintiff's "employer" within the meaning of the FLSA and the New York Labor Law.

It is axiomatic that to be held liable under the FLSA and NYLL, an entity must be an "employer." *See, e.g., In re Barrett Stapleton Associates, Ltd.*, 17-CV-5468-AJN, 2018 WL 3962931, at *2 (S.D.N.Y. Aug. 17, 2018) (*citing Herman v. RSR Security Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). Here, the

[1] While the Plaintiff has sued JRPAC Inc. as the alleged owner of both the Times Square Location and Midtown East Location, the actual owner and lessee of the Times Square Location is Food Affairs Inc. (which is owned 100% by defendant Jude Rodrigues) and the actual owner and lessee of the Midtown East Location is JAP Creations LLC (which is 100% owned by defendant Premendra Chouhan).

Complaint contains only conclusory, boilerplate allegations against the Times Square Location, which the plaintiff concedes in the Complaint did not employ him (see Complaint at ¶ 8), and against Rodrigues, who is the 100% owner of Food Affairs, Inc. -- the entity that owns the restaurant that leases the Times Square Location, not the Midtown East Location (where the Plaintiff was exclusively employed).

The only allegations in the Complaint that specifically relate in any way to the Times Square Location are that there are "two Spice Symphony restaurants" (complaint at ¶ 3) and that Messrs. Rodrigues and Chouhan are both allegedly (but actually not) "regularly present at both restaurants" (complaint at ¶¶ 6 and 7).[2] Even assuming these allegations to be true, they cannot be deemed to plausibly allege that Food Affairs Inc., the actual owner and lessee of the Times Square Location (not the Midtown East Location), was also Plaintiff's employer for purposes of the FLSA and NYLL especially where, as here, the Plaintiff fails to allege or even suggest that he was also employed by or ever performed any work for that Times Square Location. All he alleges was that he "worked for Defendants" as a runner/expediter at the "Midtown East [L]ocation" (complaint at ¶ 8). He does not allege or even suggest that Food Affairs Inc., the true owner of the restaurant at the Times Square Location, ever exercised any formal or functional control over the terms and conditions of his (or anyone else's) employment at the Midtown East Location. *See, e.g., Weiss v. Starr Restaurant Organization, LP*, 20-CV-8090-JMF, 2021 WL 3099895, at *6 (S.D.N.Y. July 21, 2021) (dismissing claims against restaurant entities where plaintiff did not work because complaint lacked allegations showing they "possessed the power to control" plaintiff); *Stewart v. Hudson Hall LLC*, 20-CV-885-PGG, 2021 WL 735244, at *7 (S.D.N.Y. Feb. 24, 2021) (same); *Huang v. Shanghai City Corp.*, 459 F. Supp.3d 580, 591-92 (S.D.N.Y. 2020) (same); *Barrett v. Michael Stapleton Assocs., Ltd., supra*, at *3 (same); *Lopez v. Acme American Environmental Co.*, 12-CV-511-WHP, 2012 WL 6062501, at *5 (S.D.N.Y. Dec. 6, 2012) (same). In sum, nothing in the complaint supports the reasonable inference that the owner of the Times Square Location was the Plaintiff's employer.

In the Complaint, although not alleged, Plaintiff appears to rely on an "enterprise" theory to hold all of the Spice Symphony entities jointly liable for the alleged labor law violations at the Midtown East Location. *See, e.g., Weiss v. Starr Restaurant Organization, LP, supra,* at *3 (discussing enterprise theory). In support of this theory, however, the Complaint contains only conclusory, boilerplate allegations, *see* Complaint at ¶¶ 3 - 7, which are insufficient to plausibly allege the existence of such an enterprise. *See, e.g., Stewart v. Hudson Hall LLC, supra,* at *3. More specifically, the Complaint lacks factual allegations showing that Food Affairs Inc. (the Times Square Location) and JAP Creations LLC (the Midtown East Location) are part of a single integrated enterprise. There are no factual allegations with respect to these two entities showing interrelation of operations, centralized control of labor relations, or common management; the only commonality alleged (albeit incorrectly) is the alleged ownership by defendants of the two Spice Symphony restaurant locations. It is well-established, however, that "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Huang v. Shanghai City*

---

[2] Contrary to the allegation in Complaint, defendant Premendra Chouhan very rarely came to the Times Square Location (owned by Food Affairs Inc.) which was established only in Mid-year of 2024, and defendant Jude Rodrigues seldomly stopped by for a cup of tea for 30 minutes or so at the Midtown East Location (owned by JAP Creations LLC).

*Corp., supra,* at 588 (quoting *Lopez v. Acme American Environmental Co., supra,* at *4). In any event, there is nothing alleged in the Complaint plausibly suggests that Food Affairs Inc. (the Times Square Location) had any connection to, let alone control over, the Plaintiff's employment. Accordingly, there is no basis for bringing that entity or the Times Square Location into this lawsuit. *See, e.g., Weiss* (rejecting plaintiff's enterprise theory); *Stewart* (same); *Huang* (same).

Nor was it proper to bring Mr. Rodrigues into this action. He is not an owner of JAP Creations LLC (the Midtown East Location); nor is there any basis to make that allegation. Nor can he be dragged into this case based on the alleged ground that he was somehow in charge of the employees at the Midtown East Location. Even Plaintiff concedes that this was not the case when he alleges that it was Mr. Chouhan, not Mr. Rodrigues, who "actively manages the Midtown East Location (complaint at ¶ 6), and Mr. Rodrigues, not Mr. Chouhan, "actively manage[d] the Times Square Location" (complaint at ¶ 7). *See In re Stapleton Associates, Ltd., supra*, 2018 WL 3962931, at *3 (complaint dismissed against the individual defendant because "it did not 'alleged any facts regarding the defendants' ability to control hours, wages or other conditions of employment … the allegations only included conclusory allegations").

**<u>Briefing Schedule</u>**

In accordance with Your Honor's rules, Defendants propose the following briefing schedule:

1. The motion to dismiss will be served on or before September 9, 2026.
2. Opposition papers shall be served on or before September 30, 2026.
3. Reply papers shall be served on or before October 9, 2026.

Respectfully submitted,

Alan A. Heller (AH-7942)

cc: Plaintiff's Counsel (Via ECF)