UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IGNATIOUS GOMES,

Plaintiff,

-v-

JRPAC, INC., *et al.*,

Defendants.

------------------------------------------------------------------X

26 Civ. 5564 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

Plaintiff Ignatious Gomes brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). On September 10, 2026, Plaintiff's counsel filed a motion to dismiss the case without prejudice and attached a settlement agreement that the parties had purportedly reached. Dkt. 14. Settlements of claims under the FLSA require the approval of this Court or the Department of Labor to take effect, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), so on September 11, 2026, the Court ordered the parties to submit any settlement requiring Court approval and other necessary information, Dkt. 15.

On September 22, 2026, Defendants submitted a letter and affidavit in support of Plaintiff's motion to dismiss the case without prejudice. Dkt. 18. Defendants submit that court approval is unnecessary because "the matter was not the product of a settlement of Plaintiffs FLSA claims but was simply an agreement to drop the Action after co-defendant Jude Rodrigues agreed (at Plaintiff's request) to hire Plaintiff as an employee." Dkt. 18. Defendant Jude Rodrigues also affirmed in an affidavit that the Defendants are amenable to the case being dismissed without prejudice so that Gomes may retain his right to re-sue in the event he wants to pursue his FLSA claims in the future. Dkt. 18-1 ¶ 12.

The Second Circuit has held that parties may not "evade *Cheeks* review simply by negotiating a settlement and release, then filing a unilateral dismissal without prejudice." *Samake v. Thunder Lube, Inc.,* 24 F.4th 804, 810 (2d Cir. 2022). To be sure, "in the absence of a settlement, the notice of dismissal should be so-ordered." *Id.* at 811; *see also Kaloshi v. W. Vill. Oasis, Inc.*, No. 22 Civ. 4593 (BCM), 2023 WL 3945554, at *2 (S.D.N.Y. June 12, 2023). But Rodrigues represents that a "settlement agreement was signed," Dkt. 18-1 ¶ 10, and asks that "the Court accept the settlement between the parties," *id.* ¶ 13. And while Defendants claim that they are amenable to Plaintiff retaining his right to re-sue in on his FLSA claims in the future, the purported settlement agreement contains a clause releasing Defendants "from any and all claims, causes of action, damages, and liabilities of any kind, whether known or unknown arising out of or relating to the above-captioned lawsuit." Dkt. 14-1 ¶ 4.

The Court cannot both find that the voluntary dismissal "was not the product of a settlement of Plaintiff's FLSA claims," Dkt. 18, and "accept the settlement between the parties," Dkt. 18-1 ¶ 13. Accordingly, by October 7, 2026, the parties shall submit a letter advising the Court of their respective positions on (1) whether they seek approval of the settlement agreement under *Cheeks*; and (2) whether the parties are prepared to stipulate to a voluntary dismissal subject to an order that the settlement agreement is invalid to the extent it releases Plaintiff's FLSA claims.

SO ORDERED.

Dated: September 25, 2026
New York, New York

JOHN P. CRONAN
United States District Judge