UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IGNATIOUS GOMES, Plaintiff, -v- JRPAC, INC., *et al.*, Defendants. | : | 26 Civ. 5564 (JPC) <u>ORDER</u> |

JOHN P. CRONAN, United States District Judge:

Plaintiff Ignatious Gomes brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). On September 10, 2026, Plaintiff's counsel filed a motion to dismiss the case without prejudice and attached a settlement agreement that the parties had purportedly reached. Dkt. 14. That agreement contained a release clause releasing Defendants "from any and all claims . . . arising out of or relating to the above-captioned lawsuit." Dkt. 14-1 at 1. Settlements of claims under the FLSA require the approval of this Court or the Department of Labor to take effect, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), so on September 11, 2026, the Court ordered the parties to submit any necessary information about the agreement for the Court's review, Dkt. 15. Defendants represented that Plaintiff agreed to end the case after Defendant Jude Rodrigues agreed to hire him, and that they consent to a dismissal without prejudice "so that Mr. Gomes can retain his right to re-sue [Defendants] in the event he wants to pursue his FLSA claims in the future." Dkts. 18, 18-1 ¶ 12.

The Court concludes that dismissal without prejudice is proper on the condition that the settlement agreement's release of FLSA claims is invalidated. The Second Circuit has extended *Cheeks* review to dismissals without prejudice because a settlement release could otherwise

extinguish FLSA claims even though the case is nominally dismissed without prejudice. *See Samake v. Thunder Lube, Inc.,* 24 F.4th 804, 810 (2d Cir. 2022) (explaining that review of without-prejudice dismissals is necessary to prevent a plaintiff from "unwittingly sign[ing] away FLSA claims in a secret settlement while representing to the district court that the dismissal is without prejudice"). That concern is not present if the settlement does not release Plaintiff's FLSA claims.

A court undertaking *Cheeks* review may not rewrite an agreement "by imposing terms on the parties to which they did not agree," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 605 (2d Cir. 2020), so the Court, out of caution, asked whether the parties would stipulate to a dismissal conditioned on an order that the agreement is invalid to the extent it releases Plaintiff's FLSA claims. Dkt. 19. Defendants agreed. Dkt. 20. Plaintiff did not respond, even after a second order, Dkt. 21, and his counsel reports that they have been unable to reach him since the agreement was signed, Dkt. 22. Plaintiff's silence leaves the Court with two options. It could dismiss for failure to prosecute, *see* Fed. R. Civ. P. 41(b), but that would risk the outcome that *Cheeks* review is meant to guard against. Alternatively, it can grant Plaintiff's motion for voluntary dismissal on a condition that protects his FLSA claims. The latter better serves the purposes of *Cheeks* review. Moreover, this condition does not impose new terms in the manner *Fisher* forbids. Defendants have consented, and the Court's order does not impose any new terms or conditions on Plaintiff.

Accordingly, this case is dismissed without prejudice. The settlement agreement is invalid to the extent that it releases Plaintiff's FLSA claims. Plaintiff's counsel are ordered to transmit a copy of this Order to Plaintiff through whatever means they were last able to contact him. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 27, 2026
New York, New York

JOHN P. CRONAN
United States District Judge